Jerry BROWN and Gerry Fleischer, Plaintiffs,

v.

Michael BADEN and Sidney Weinberg, Defendants.

Stephen YAGMAN and Yagman & Yagman, P.C., Petitioners,

v.

UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, Michael Baden and Sidney Weinberg, Respondents.

No. 87–5549.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 1987.

Decided April 22, 1987.

Opinion on Rehearing June 26, 1987.

Brian O'Neill and Frederick D. Friedman, Santa Monica, Cal. and Ramsey Clark, New York City, for petitioners.

Donald C. Smaltz, Los Angeles, Cal., for respondents.

Harvey A. Schneider, Woodland Hills, Cal. and Mark E. Beck, Los Angeles, Cal. for defendants.

Before ANDERSON, PREGERSON, and WIGGINS, Circuit Judges.

## ORDER

PER CURIAM:

The appeal from the district court's order to show cause of January 12, 1987 has been construed by us as a petition for writ of mandamus to compel compliance with our prior decision in this litigation. We grant the writ of mandamus, thereby directing enforcement of our previous decision that Chief Judge Real be replaced by a judge randomly selected by the clerk of the district court. *See Matter of Yagman*, 796 F.2d 1165, 1188 (9th Cir.1986).

## BACKGROUND

This litigation began in 1982 with a case in which Stephen Yagman (Yagman) represented the plaintiffs. The case was tried before Chief District Judge Manuel L. Real. After the plaintiffs rested their case, the district court granted the defendant's motion for a directed verdict and thereafter imposed sanctions totaling $250,000.00 against Yagman. The plaintiffs appealed. In a consolidated appeal, Yagman challenged the imposition of sanctions.

We upheld the district court as to its directed verdict and other challenged rulings. We reversed, however, the district court's sanctions award against Yagman. Additionally, due to "the massive sanction award and the numerous allegations of bias and overreaching ... combined with this poor lawyering," we held that, to preserve the appearance of justice, the case should be reassigned upon remand to a randomly selected judge. *Yagman*, 796 F.2d at 1188.

A hearing was held before Chief Judge Real on November 17, 1986 for the purpose of spreading this court's judgment on the record of the district court. Chief Judge Real continued the hearing until January 12, 1987 for the purpose of awaiting the decision of the United States Supreme Court on Chief Judge Real's petition for mandamus following this court's decision in *United States v. Sears, Roebuck & Co.*, 785 F.2d 777 (9th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986). The *Sears* decision ordered that case reassigned on remand from Chief Judge Real to another district judge. The petition before the Supreme Court challenged the power and authority of this court to order that reassignment. Chief Judge Real's petition for mandamus was denied without opinion.

At the continued hearing on January 12, 1987, Chief Judge Real, instead of reassigning the case, filed and served upon the parties an order to show cause. This order directed the parties to file briefs addressing this court's authority to reassign the case. Yagman immediately filed a notice of appeal from Chief Judge Real's order, accompanied by an emergency motion for a stay of the order. By order, we construed the appeal and motion as a petition for a writ of mandamus to compel compliance with our earlier decision. Further proceedings in the district court were stayed pending our decision here.

## REASSIGNMENT

There is no doubt as to our authority to order a case reassigned. In the scheme of the federal judicial system, the district court is required to follow and implement our decisions just as we are oath– and duty-bound to follow the decisions and mandates of the United States Supreme Court. "[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375, 102 S.Ct. 703, 706, 70 L.Ed.2d 556 (1982). *See Sears*, 785 F.2d at 780–81; *United States v. Yagid*, 528 F.2d 962, 965 (2d Cir.1976). *See also* 28 U.S.C. § 2106 (1982).

Additionally, our decision ordering reassignment rested upon a long line of cases permitting a court of appeals to order reassignment of a case to a different judge in the exercise of the court's inherent power to administer the system of appeals and remands. *Sears*, 785 F.2d 777; *United States v. Alverson*, 666 F.2d 341 (9th Cir. 1982); *United States v. Wolfson*, 634 F.2d 1217 (9th Cir.1980); *United States v. Fer-*

*guson,* 624 F.2d 81 (9th Cir.1980); *United States v. Robin,* 553 F.2d 8 (2d Cir.1977) (en banc); *Yagid,* 528 F.2d 962.

## SANCTIONS

We deny Yagman's suggestion that all sanctions against him be abated. The determination of the appropriate sanctions award shall proceed upon remand with promptness and diligence.

## CONCLUSION

Chief Judge Real's order to show cause is vacated. Yagman's petition for writ of mandamus is granted. The clerk of the court for the Central District of California is hereby ordered to randomly select another judge for this case in compliance with the rules of that court. The new judge is to be selected within seven days after the filing of this order.

PETITION GRANTED.

ORDER in Nos. 87–5549, 84–5839 and 84–5957.

The panel in No. 87–5549 has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc and no judge has requested a vote on that suggestion. Fed.R.App.P. 35(b).

The order filed in No. 87–5549 on April 22, 1987 is amended to relieve the clerk of the district court of any obligation to randomly select another district judge for this case. That obligation shall remain with Chief Judge Real as previously ordered by this court.

The petition for rehearing is denied and the suggestion for a rehearing en banc in No. 87–5549 is rejected. The motion to dismiss the petition is DENIED as moot.

In Nos. 84–5839 and 84–5957, there is pending an application to adjudge Chief Judge Real in contempt of the order of this court for his failure to make the reassignment as directed by this court's decision and order of August 13, 1986. That application is hereby dismissed as premature in that Chief Judge Real has not exhausted the judicial remedies available to him and he may yet comply with this court's reassignment order and thereby purge himself of possible contempt.

IT IS SO ORDERED.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth