[No. 59938-6. En Banc. July 7, 1994.]

PATRICK BIGGS, *Appellant*, v. DAVID B. VAIL, *Respondent*.

194

*Christopher M. Constantine,* for appellant.
*Bertha B. Fitzer* and *William J. Rush,* for respondent.

DURHAM, J. — Attorney Patrick Biggs challenges the imposition of civil rule (CR) 11 sanctions by the trial court following the issuance of this court's mandate in *Biggs v. Vail,* 119 Wn.2d 129, 830 P.2d 350 (1992) (*Biggs* I). His arguments rest primarily on the assumption that the trial court was without jurisdiction to enter such sanctions after the issuance of the mandate. We disagree, and hold that, under the circumstances of this case, the trial court had authority to consider and impose CR 11 sanctions even after the substantive issues had been decided. However, we find that the trial court did not properly enunciate its reasons for imposing the sanction, and failed to limit the amount of the sanction to the fees spent in responding to the sanctionable conduct. Accordingly, we remand for the trial court to reconsider the sanctions imposed in light of this opinion.

This case began as a dispute over who should receive certain attorney fees earned by Biggs while employed by attorney David B. Vail. Biggs sued Vail, alleging four separate claims for relief, including breach of an employment contract. Following a bench trial, the court found in favor of Vail and against Biggs on his breach of contract claim, and found the other three claims to be frivolous. It also awarded Vail $25,000 in attorney fees under the frivolous lawsuit statute, RCW 4.84.185. The Court of Appeals affirmed the judgment. However, this court reversed the award of attorney fees, finding that the action as a whole

must be frivolous in order for fees to be awarded under RCW 4.84.185. *Biggs* I.

On June 10, 1992, the mandate in the above case issued. On October 14, 1992, Vail filed a motion in the trial court for sanctions against Biggs for violation of CR 11. Vail also asked for the same amount as was previously granted under RCW 4.84.185. The Superior Court granted Vail's motion and awarded sanctions in the amount of $25,000. The court noted that:

> Well, I was appalled at the frivolity of Mr. Biggs' second, third and fourth claims, and they were shocking to this Court. In fact I was appalled at his initial claim, because it really, common sense would have demonstrated that he was wrong. And the Supreme Court has concurred, and the Court of Appeals concurred in all of my —
>
> I think that there ought to be some compensation paid by Mr. Biggs for his involving the defendant, Vail, in all this litigation. I really do, Counsel, in all fairness, justice. And if I have the authority to grant relief to Mr. Vail, under CR 11, I will do it.

Report of Proceedings, at 12.

In its written order imposing sanctions, the trial court outlined the evidence it considered, but made no mention of the specific conduct which warranted sanctions. Biggs filed a motion for direct review which was accepted.

## Scope of CR 11

Before beginning an analysis of the specific issues raised by the parties, it will be helpful to review the contours of CR 11. CR 11 requires attorneys to date and sign all pleadings, motions and legal memoranda. Such signature constitutes the attorney's certification that:

> to the best of the . . . attorney's knowledge, information, and belief, formed after reasonable inquiry it [the pleading, motion or memoranda] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

CR 11. CR 11 was modeled after the Federal Rule of Civil Procedure (Rule 11), and federal decisions interpreting Rule

11 often provide guidance in interpreting our own rule. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 218-19, 829 P.2d 1099 (1992). If it appears that CR 11 has been violated, "the court, upon motion or upon its own initiative, shall impose upon the person . . . an appropriate sanction"[1] which *may* include reasonable attorney fees and expenses. Former CR 11.

The standard of appellate review for such sanctions is the abuse of discretion standard. *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338-39, 858 P.2d 1054 (1993). In deciding whether the trial court abused its discretion, we must keep in mind that "[t]he purpose behind CR 11 is to deter *baseless* filings and to curb abuses of the judicial system". *Bryant*, at 219. CR 11 is not meant to act as a fee shifting mechanism, but rather as a deterrent to frivolous pleadings. *Bryant*, at 220. Courts should employ an objective standard in evaluating an attorney's conduct, and the appropriate level of pre-filing investigation is to be tested by "inquiring what was reasonable to believe at the time the pleading, motion or legal memorandum was submitted". *Bryant*, at 220. In deciding upon a sanction, the trial court should impose the least severe sanction necessary to carry out the purpose of the rule. *Bryant*, at 225. CR 11 sanctions are not appropriate where other court rules more specifically apply. *Fisons*, at 339-40.

### AUTHORITY TO ENTER CR 11 SANCTIONS

Biggs argues that the sanctions were inappropriate because they (1) exceeded the scope of the mandate, (2) violated the law of the case, (3) were untimely under the doctrine of laches, or (4) were waived because not timely brought. Application of either laches or waiver is inappropriate because a CR 11 motion is not a "cause of action" as contemplated by those doctrines. *See Shrock v. Altru Nurses Registry*, 810 F.2d 658, 662 (7th Cir. 1987) (noting that judges can impose sanctions without a motion). The law of the case doctrine is intricately linked to the scope of the mandate; hence, these two issues could be considered

---

[1] CR 11 was recently amended to change the mandatory "shall impose" language to the more permissive "may impose". 122 Wn.2d 1102 (1993).

together. However, the imposition of a CR 11 sanction is not a judgment on the merits of an action. "Rather, it requires the determination of a *collateral* issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990). Hence, we do not find it necessary to parse the casual references to CR 11 in *Biggs* I, nor examine the scope of the mandate, in order to find that the trial court did have authority to enter CR 11 sanctions.

Although we do not agree with Biggs' theories regarding this case, his protests are well taken. Normally, such late entry of a CR 11 motion would be impermissible, since without prompt notice regarding a potential violation of the rule, the offending party is given no opportunity to mitigate the sanction by amending or withdrawing the offending paper. *See Bryant*, at 228 (Andersen, J., concurring in part, dissenting in part). Prompt notice of the possibility of sanctions fulfills the primary purpose of the rule, which is to deter litigation abuses.

> [Deterrence] is not well served by tolerating abuses during the course of an action and then punishing the offender after the trial is at an end. A proper sanction assessed at the time of a transgression will ordinarily have some measure of deterrent effect on subsequent abuses and resultant sanctions.

*In re Yagman*, 796 F.2d 1165, 1183 (9th Cir.), *amended*, 803 F.2d 1085 (1986), *mandamus granted sub nom. Brown v. Baden*, 815 F.2d 575, *cert. denied sub nom. Real v. Yagman*, 484 U.S. 963 (1987). *See also* William W. Schwarzer, *Sanctions Under the New Federal Rule 11 — A Closer Look*, 104 F.R.D. 181, 197-98 (1985) (Rule 11 sanctions must be brought as soon as possible to avoid waste and delay). Both practitioners and judges who perceive a possible violation of CR 11 must bring it to the offending party's attention as soon as possible.[2] Without such notice, CR 11 sanctions are unwarranted. *Bryant*, at 224.

---

[2]Rule 11 of the Federal Rules of Civil Procedure has recently been rewritten to provide judges with more flexibility in sanctioning violations, and to

The case at hand, however, differs from the usual situation in two crucial respects. First, Biggs was provided with general notice that sanctions were contemplated under RCW 4.84.185. Although the better practice is to inform counsel specifically of the nature of his or her misconduct and the possibility of CR 11 sanctions, we find that notice in general that sanctions are contemplated is sufficient for the later imposition of CR 11 sanctions. *See Lepucki v. Van Wormer*, 765 F.2d 86, 88 (7th Cir.), *cert. denied sub nom. Hyde v. Van Wormer*, 474 U.S. 827 (1985). *See also Shrock v. Altru Nurses Registry*, 810 F.2d 658 (7th Cir. 1987) (implying that notice of the possibility of sanctions under 42 U.S.C. § 1988 is sufficient for imposition of Rule 11 sanctions). In the case at hand, Biggs had notice that penalties were contemplated, although not the exact penalties ultimately imposed. Had a CR 11 motion been brought in the initial case, we have no doubt that it would have been granted, as it is unchallenged that three of the four causes of action in the underlying complaint were frivolous. The deterrent function of the rule would be vitiated were Biggs allowed to avoid sanctions simply because opposing counsel mislabeled his request.

The second distinguishing factor about this case is that these sanctions are being sought under former CR 11, which made the imposition of sanctions mandatory once a violation of the rule occurred. *See* former CR 11 (upon violation of the rule "the court . . . shall impose . . . an appropriate sanction"). The violation of Rule 11 is complete upon the filing of the offending paper; hence, an amendment or withdrawal of the paper, or even a voluntary dismissal of the suit, does not

---

encourage early and informal settlement of Rule 11 disputes. *See* 28 U.S.C.A. 182 (West Supp. 1994). We share the federal court's concern that sanctions be reserved for egregious conduct and not be viewed as simply another weapon in a litigator's arsenal. We adopt as our own the advice of the Advisory Committee that, in most cases, "counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a [CR 11] motion." Fed. R. Civ. P. 11 advisory committee note, 28 U.S.C.A. 186 (West Supp. 1994). Such informal notice is not a substitute for a CR 11 motion, but evidence of such informal notice, or lack thereof, should be considered by a trial court in fashioning an appropriate sanction.

expunge the violation, although such corrective action should be used to mitigate the amount of sanction imposed. *See Cooter & Gell*, 496 U.S. at 395. Although our rule has since been changed to make the imposition of sanctions permissive, at the time in question, the trial judge was under a duty to impose an appropriate sanction for the admittedly frivolous portions of the complaint. As general notice of the possibility of sanctions was provided, and the court was under an obligation to remedy any violation of the rule, we hold that the trial court did have authority to enter CR 11 sanctions against Biggs.

### AMOUNT OF SANCTIONS

Finally, Biggs contends that the trial court should have considered the least severe sanctions necessary, that his ability to pay the sanctions now that he no longer practices law should have been considered, that the court failed to make any finding that Biggs had not made a reasonable inquiry or instituted suit for an improper purpose, and that the affidavits in support of the motion failed to indicate the fees actually expended on responding to the sanctionable conduct.

It appears that the trial court felt that Vail should be compensated for his efforts in responding to the frivolous claims, and that the court viewed CR 11 as a method of achieving such compensation. In its order imposing sanctions, the trial court repeated our language that:

> It appears in this case that the plaintiff, an attorney, was sanctioned for what the trial court considered to be pointless contentiousness and an abusive approach to the practice of law. By reversing the sanctions in this case, we do not in any way condone Mr. Biggs' conduct. However, in order to sanction Mr. Biggs, we will not extend the reach of the statute beyond that intended by the Legislature.

*Biggs* I, at 137. Nowhere else in its order does the trial court specifically mention the conduct which merited the sanction. It appears that the court simply entered the same amount of sanctions previously disallowed under RCW 4.84.185 without further inquiry.

In the original sanctions entered under RCW 4.84.185, the trial court awarded $25,000 of a request for $48,000. However, the affidavits in the record show the following requests were made:

| | |
|---|---|
| William Rush | $25,140.20 |
| David Vail | $22,570.00 |

Clerk's Papers, at 47-68. It is not clear upon what basis the trial court reduced the initial claim under RCW 4.84.185; however, it is clear that attorney Vail was acting as client and defendant in this matter, and his claim for fees must be discounted. Doing so, it appears that the $25,000 awarded most likely exceeds the amount of fees spent actually responding to the sanctionable conduct. *See Bryant*, at 225.

Moreover, there was no consideration of mitigation. *Bryant*, at 228 (Andersen, J., concurring in part, dissenting in part). *Cf. Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 859 P.2d 1210 (1993) (fees under RCW 4.28.185(5) should be limited to no more than necessary to compensate for added litigative burdens). Should a court decide that the appropriate sanction under CR 11 is an award of attorney fees, it must limit those fees to the amounts reasonably expended in responding to the sanctionable filings. Generally, this award of reasonable fees should not exceed those fees which would have been incurred had notice of the violation been brought promptly. *Cf. Fetzer*, at 148-53 (discussing factors to be used in deciding on reasonable attorney fees under RCW 4.28.185(5)). It is clear from the record that the trial court's primary goal in entering these sanctions was to compensate Vail, whereas *Bryant* makes clear that CR 11 sanctions should be limited to the minimum necessary, and should not be used as a fee-shifting mechanism. *Bryant*, at 220, 225.

Finally, in imposing CR 11 sanctions, it is incumbent upon the court to specify the sanctionable conduct in its order. The court must make a finding that either the claim is *not* grounded in fact or law and the attorney or party failed to make a reasonable inquiry into the law or facts, *or* the paper was filed for an improper purpose. CR 11. *See also Bryant*, at 219-20. In this case, there were no such findings.

 Accordingly, we must remand this case once again to the trial court to: (1) make explicit findings as to which filings violated CR 11, if any, as well as how such pleadings constituted a violation and (2) impose an appropriate sanction for any such violation, which *may* include the amount of Vail's attorney fees incurred in responding specifically to the sanctionable conduct.[3] The burden is on the movant to justify the request for sanctions. Finally, we deny both parties' requests for fees under RAP 18.7 and RAP 18.9(a).

UTTER, DOLLIVER, GUY, and MADSEN, JJ., concur.

ANDERSEN, C.J. (dissenting) — Mr. Vail lost his bid for attorneys' fees on the only legal theory he raised at the time of trial. That should have ended the matter once and for all.

I would hold that the trial court was without authority to devise a different basis for awarding this litigant the *same* remedy, based on the *same* facts, that was reversed on appeal.

CR 11 sanctions were not sought or mentioned at the time of trial by Mr. Vail, his counsel or the trial court. The trial court in this case originally awarded $25,000 in attorneys' fees to Mr. Vail's counsel. The fees were awarded pursuant to RCW 4.84.185, the frivolous action statute. We reversed that award, holding that under the facts of this case the frivolous action statute did not provide a basis for an award

---

[3]In fashioning any sanction, the trial court must remain cognizant of the fundamental deterrent purpose of the rule. Biggs is no longer practicing law, and although he may resume doing so in the future, his exit from the legal profession alone may be enough to deter any future abuse. If the trial court finds that a monetary sanction is additionally necessary in order to deter similar abuse by Biggs and others in the future, the court is encouraged to consider an award to be paid to a particular court fund or court-related fund. *See Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 356, 858 P.2d 1054 (1993). Further, if the trial court finds that attorney fees are appropriate, they are to be limited to *at most* the fees actually expended in responding to the sanctionable conduct, and should be further limited by the apparent absence of any attempts at mitigation on the part of Vail. Finally, we caution the trial court that reimposition of its previous sanction, regardless of its findings, would be presumptively unreasonable and an abuse of its discretion.

of attorneys' fees. *Biggs v. Vail*, 119 Wn.2d 129, 830 P.2d 350 (1992) (*Biggs* I).

Our opinion in *Biggs* I, which I authored for the court, notes that we did not condone Mr. Biggs' conduct and further notes that remedial measures *could have been* considered by the trial court as *possibly* appropriate to prevent or correct such conduct. *Biggs* I, 119 Wn.2d at 137. After the mandate was issued in *Biggs* I, Mr. Vail incorrectly argued to the trial court that we had "remanded [the case] back for a finding consistent with [our] opinion asking for sanctions under CR 11." Report of Proceedings, at 8-9. This was error; we *did not* remand the case at all. We affirmed the judgment on the contract claim and reversed the award of attorneys' fees.

It was not until after the mandate was issued by this court that Mr. Vail moved for CR 11 sanctions; asking not for sanctions generally but rather for attorneys' fees, based on the *same* facts that had been the basis of his frivolous action claim. The trial court *again* awarded $25,000 in attorneys' fees. This flies directly in the face of this court's clear mandate and, to my view, is nothing more than a losing party on appeal and the trial court which had been reversed devising a new basis to reinstitute a reversed ruling. I do not countenance such conduct.

I agree with the majority opinion that a trial court may, in some circumstances, impose sanctions under CR 11 even after a judgment has been entered. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990), holding the trial court had jurisdiction to impose sanctions pursuant to Fed. R. Civ. P. 11 (Rule 11) after the action was voluntarily dismissed, where defendant had filed a motion for Rule 11 sanctions *prior* to dismissal. Here, however, the motion for sanctions in issue was not even brought until nearly *5 years after* the offending pleading was filed.[4]

The majority acknowledges that a motion for sanctions made some 4½ years after trial normally would be impermissible. Majority opinion, at 198. The majority then holds

---

[4]Although not clearly reflected in the record we have before us, the offensive pleading presumably was the amended complaint, a document which was signed, not by Mr. Biggs, but by his attorney, on March 5, 1988.

that without "prompt" notice, CR 11 sanctions are unwarranted. Majority, at 198. With this, I agree.

I cannot agree with the remainder of the majority opinion. The majority holds that the "general" notice in this case that *attorneys' fees* would be sought under the frivolous action statute was sufficient notice that the trial court would later be asked to impose CR 11 sanctions. Unlike the frivolous action statute, CR 11 is not a fee-shifting rule. Instead, it permits a wide range of sanctions. Furthermore, the rule requires proof of elements that are not required in order to prevail under the frivolous action statute.

I would hold that the notice required under CR 11 is notice that *CR 11* sanctions, not a request for attorneys' fees based on some other rule or statute, are going to be sought. Further, I would hold that such notice must be given within a reasonable time of the discovery of the allegedly sanctionable conduct. Here Mr. Biggs had notice that attorneys' fees would be sought under the frivolous action statute early in the proceeding. He was given no notice that sanctions would be requested under CR 11 until *many years after* the pleading in question was signed. That is not fair by any standard and I would disallow it.

While the majority takes pains to emphasize that CR 11 is *not* a fee-shifting statute, it equates the remedy imposed under the rule with that available under RCW 4.84.185. In essence, the majority allows the trial court and Mr. Vail to circumvent the holding in *Biggs* I, and to get around RCW 4.84.185, by saying that attorneys' fees may be awarded based on a party's filing of a frivolous *claim*. This is precisely what we said was *not allowed* in *Biggs* I.

Because I would reverse the trial court's latest ruling on attorneys' fees, I dissent from the majority opinion.

BRACHTENBACH and SMITH, JJ., concur with ANDERSEN, C.J.