

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 APR 21 AM 10: 24

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| WILLIE RUSSELL and CHRISTINE F. HARPER, husband and wife, | ) ) ) | No. 69843-5-I |
| Appellants, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | |
| CARLEEN MATSON, NICOLE NG-A-QUI, JEFFREY ST. GEORGE, LYNN BAMBERGER and STEPHEN BAMBERGER and the marital community composed thereof; and LYNNE WORLEY-BARTOK and JOHN DOE WORLEY-BARTOK, and the marital community composed thereof, THE BROADWAY CONDOMINUMS, a Washington Non-Profit Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) | FILED: April 21, 2014 |

SCHINDLER, J. — Willie Russell and Christine F. Harper appeal the decision to impose sanctions under CR 11 and RCW 4.84.185 and entry of the judgment for $76,710.14 in attorney fees. We reverse the imposition of sanctions under CR 11 and RCW 4.84.185, vacate the judgment, and remand to Judge Dingledy to address whether to award fees under RCW 4.84.185.

## FACTS

The facts are undisputed. Willie Russell and Christine F. Harper (Russell) own a condominium unit at The Broadway Condominiums in Everett. On November 12, 2010,

Russell filed a complaint against current and former board members and officers of the Broadway Condominium Association, Carleen Matson, Nicole Ng-A-Qui, Jeffrey St. George, Lynn Bamberger, Stephen Bamberger, Lynne Worley-Bartok, and John Doe Worley-Bartok (defendants).[1] On March 18, 2011, the court granted the defendants' motion for a more definite statement.

Russell sent a copy of the amended complaint to the attorney representing the defendants. On April 4, 2011, the attorney sent a letter to Russell stipulating to filing the amended complaint and asking Russell to "agree to a 30 day stay of all discovery and other litigation activities" to "allow our office to complete the necessary investigation into our obligations under the RPCs." Russell agreed to the request for a 30-day stay.

Russell filed the amended complaint on April 7, 2011. The amended complaint alleged that while acting as board members or officers of the Broadway Condominium Association, the defendants violated the "Bylaws and the Covenants, Conditions, Restrictions and Reservations of the Broadway Condominiums," as well as the "laws of the State of Washington." Russell also alleged the defendants denied him access to records, improperly prevented him from serving on the board, failed to properly conduct required audits, and failed to preserve a warranty on siding work on the building. Russell requested access to all of the board records, damages, and attorney fees and costs. Russell attached to the amended complaint a report prepared by one of the defendants. The report identifies the specific provisions of the bylaws, covenants, conditions, and restrictions that members of the board did not comply with or enforce.

---

[1] Matson and Ng-A-Qui were past presidents and members of the board, Lynne Worley-Bartok was a member of the board and the current president, St. George was a member of the board, and Lynn Bamberger was an appointed representative to the board.

Almost a year later on February 10, 2012, the defendants filed an answer to the amended complaint. The answer does not request the imposition of sanctions or request fees under either CR 11 or RCW 4.84.185.

On March 6, defense counsel asked Russell to agree to another stay because of the asserted need to withdraw from the case and avoid undue prejudice to the defendants. Russell agreed to the request and signed the proposed stipulation to stay the proceedings for 60 days. Based on the stipulation, the court entered an order staying proceedings until May 7, 2012.

The defendants' attorney did not withdraw. Instead, two weeks after the expiration of the stay, the defendants filed a motion to dismiss under CR 12(b)(6). The defendants argued the amended complaint failed to identify legal theories on which Russell sought recovery, and failed to describe damages sustained by Russell. The defendants also argued Russell did not have standing to file the complaint against them because the real party in interest was the Broadway Condominium Association, and derivative actions on behalf of a nonprofit corporation are not permitted under Washington law. The defendants requested the court award attorney fees under RCW 4.84.185, arguing the "claim is frivolous and advanced without reasonable cause."

In response, Russell argued he sustained damages and had standing as an aggrieved party. Russell cited Washington cases where courts allowed actions by "aggrieved individuals in a homeowner's association against individuals on boards and committees of the association."

On June 28, Judge Dingledy heard argument on the CR 12(b)(6) motion to dismiss. The court reserved ruling on the motion. Approximately one month later,

Judge Dingledy dismissed the lawsuit for lack of standing. The order granting the defendants' motion to dismiss does not address the request for attorney fees under RCW 4.84.185.

On the last day to file an appeal of the order of dismissal, the defendants scheduled a motion for the imposition of sanctions and attorney fees under CR 11 and RCW 4.84.185 to be heard on the motions calendar. In support of the request for an award of $57,603.11, the defendants' attorney submitted a declaration with the billing rate per hour and the total number of hours billed by attorneys and paralegals "in defending Defendants in this litigation and related lawsuits filed by Plaintiffs." In response, Russell argued that the imposition of sanctions was not warranted under either CR 11 or RCW 4.84.185. Russell also argued the declaration did not support the request.

On October 26, the defendants filed a revised motion requesting an award of $76,710.14 in attorney fees and costs under CR 11 and RCW 4.84.185. The revised motion also asks the court to find Russell was a "vexatious litigant." In support of the revised fee request, the attorney submitted a supplemental declaration stating that an additional 10 hours had been billed in preparing the revised motion. The attorney submitted a second supplemental declaration on November 19 listing nine "examples of certain activities/events that occurred between August 29, 2012 and October 26, 2012, which warranted the increased amount of attorney's fees sought as a sanction."

On November 21, Judge Okrent denied the motion to find Russell a vexatious litigant, but granted the request to award attorney fees in the full amount of $76,710.14

4

under CR 11 and RCW 4.84.185. The court entered written findings of fact and conclusions of law. Russell appeals.

ANALYSIS

Russell contends the court erred in awarding attorney fees under CR 11 and RCW 4.84.185. We review an award of sanctions under CR 11 or RCW 4.84.185 for abuse of discretion. State ex rel. Quick-Ruben v. Verharen, 136 Wn.2d 888, 903, 969 P.2d 64 (1998).

CR 11

Russell argues the court erred by imposing sanctions under CR 11 because the defendants failed to give timely notice of CR 11 sanctions. We agree. "The purpose behind CR 11 is to deter baseless filings and to curb abuses of the judicial system." Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992). "Both practitioners and judges who perceive a possible violation of CR 11 must bring it to the offending party's attention as soon as possible." Biggs v. Vail, 124 Wn.2d 193, 198, 876 P.2d 448 (1994). Therefore, "a party should move for CR 11 sanctions as soon as it becomes aware they are warranted." N. Coast Elec. Co. v. Selig, 136 Wn. App. 636, 649, 151 P.3d 211 (2007). "Without such notice, CR 11 sanctions are unwarranted." Biggs, 124 Wn.2d at 198.

Here, the undisputed record shows that the defendants did not timely notify Russell of the possibility of requesting CR 11 sanctions. The defendants stipulated to the amended complaint but did not file an answer to the amended complaint until nearly a year later. The answer does not request the imposition of sanctions under either CR 11 or RCW 4.84.185. After Russell agreed to the attorney's request for another 60-day

5

stay, the defendants filed a motion to dismiss and, for the first time, requested fees for a frivolous claim "advanced without reasonable cause" under RCW 4.84.185. The defendants did not request the imposition of sanctions under CR 11 until nearly a month after Judge Dingledy dismissed the lawsuit for lack of standing. Because the defendants did not provide timely notice, we hold the court erred in awarding attorney fees under CR 11.

RCW 4.84.185

Russell also contends the court erred in awarding attorney fees under RCW 4.84.185. RCW 4.84.185 provides, in pertinent part:

> [U]pon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, [the court may] require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense.

"[B]efore awarding attorney fees under RCW 4.84.185, the court must make written findings that the lawsuit in its entirety is frivolous and advanced without reasonable cause." Selig, 136 Wn. App. at 650 (citing Verharen, 136 Wn.2d at 901). Here, the findings of fact do not address RCW 4.84.185. Conclusion of law 2.8 recites the language of RCW 4.84.185. Conclusions of law 2.9 and 2.10 state that the defendants are entitled to attorney fees because they were "the prevailing party" on the motion to dismiss. The conclusions of law state, in pertinent part:

> 2.8    RCW 4.84.185 states that where the court determines that the action "was frivolous and advanced without reasonable cause," the court may "require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action."

> 2.9    The Defendants were the prevailing party, in that Judge Dingledy granted Defendants' motion to dismiss on the basis of Plaintiffs' lack of standing.
>
> 2.10   Defendants are therefore entitled to an award of attorney fees and costs against Plaintiffs pursuant to CR 11 and RCW 4.84.185.

The defendants claim conclusion of law 2.5 stating that "the lawsuit was not warranted by existing law," and conclusion of law 2.7 stating the lawsuit "was part of an overall course of conduct which resulted in harassment of the Defendants," justify the award of fees under RCW 4.84.185. But these conclusions of law clearly address the award of sanctions under CR 11, not RCW 4.84.185. Because the findings of fact do not address whether the lawsuit in its entirety is frivolous and advanced without reasonable cause, we reverse and remand to Judge Dingledy.[2]

Because we remand, we also address the argument that the record does not support an award of attorney fees in the amount of $76,710.14. We review the reasonableness of an attorney fee award for abuse of discretion. Bowers v. Transam. Title Ins. Co., 100 Wn.2d 581, 599, 675 P.2d 193 (1983). RCW 4.84.185 authorizes the court to award "reasonable expenses, including fees of attorneys, incurred." "The burden of demonstrating that a fee is reasonable always remains on the fee applicant." Absher Constr. Co. v. Kent Sch. Dist. No. 415, 79 Wn. App. 841, 847, 917 P.2d 1086 (1995) (citing Scott Fetzer Co., Kirby Co. Div. v. Weeks, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993)). In awarding reasonable attorney fees under RCW 4.84.185, a trial court must "sufficiently explain" the objective basis for its fee award to permit appellate

---

[2] The fact that Judge Dingledy took more than a month to consider the motion to dismiss indicates the lawsuit was not frivolous in its entirety. See, e.g., Bldg. Indus. Ass'n of Wash. v. McCarthy, 152 Wn. App. 720, 746, 218 P.3d 196 (2009) (fact that the trial court asked for additional briefing and permitted additional argument indicates that, at least in court's mind, the case before it was not frivolous).

review. Highland Sch. Dist. No. 203 v. Racy, 149 Wn. App. 307, 316, 202 P.3d 1024 (2009).

Absence of an adequate record upon which to review a fee award "will result in a remand of the award to the trial court to develop such a record." 224 Westlake, LLC v. Engstrom Props., LLC, 169 Wn. App. 700, 741, 281 P.3d 693 (2012) (citing Mahler v. Szucs, 135 Wn.2d 398, 435, 957 P.2d 632 (1998), overruled on other grounds by Matsyuk v. State Farm Fire & Cas. Co., 173 Wn.2d 643, 272 P.3d 802 (2012)).

Here, the attorney provided two nearly identical declarations listing the total number of hours billed by five attorneys and the total number of hours billed by paralegals. The declarations fall far short of the standard required. In 224 Westlake, we reversed an award of attorney fees where, as here, the fee applicant only submitted a list of the total hours expended by each timekeeper but did not "distinguish among the tasks accomplished during the hours claimed." 224 Westlake, 169 Wn. App. at 740.

We reverse the imposition of sanctions, vacate the judgment of $76,710.14, and remand to Judge Dingledy to address whether an award of fees is warranted under RCW 4.84.185.

WE CONCUR: