IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| MINNIE THOMAS, | ) | No. 80918-1-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SWEDISH HOSPITAL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |
| | ) | |

VERELLEN, J. — Minnie Thomas challenges the trial court's grant of summary judgment in favor of Swedish Hospital and the court's denial of her request for an additional continuance of the summary judgment hearing.

Because the evidence presented on summary judgment failed to establish genuine issues of material fact whether Swedish Hospital breached the standard of care or how the alleged breach proximately caused Thomas any injury, summary judgment was proper. And because the court granted Thomas a one-month continuance to obtain evidence substantiating her medical malpractice claims, the court did not abuse its broad discretion in denying Thomas an additional continuance.

Therefore, we affirm.

FACTS

On April 19, 2019, Minnie Thomas filed a complaint against Swedish Hospital alleging medical malpractice. Thomas alleged that on July 25, 2016, she was "wrongly discharged" from Swedish and that on April 19, 2016, Swedish "refused [her] medical care."[1] Thomas also brought claims against Swedish for civil rights violations, libel, slander, intentional infliction of emotional distress, and invasion of privacy.

Shortly after Thomas filed her complaint, Swedish moved to dismiss Thomas's claims under CR 12(b)(6) for failure to state a claim on which relief could be granted. The court granted the hospital's motion in part and dismissed all of Thomas's claims "except for [her] medical malpractice claim[s] arising from care received from Swedish on July 25, 2016, and April 19, 2016."[2]

On September 13, 2019, Swedish moved for summary judgment on Thomas's medical malpractice claims. The summary judgment hearing was scheduled for October 18. Thomas filed various requests to continue the October 18 hearing.

At the October 18 hearing, the court granted a continuance of the summary judgment hearing to November 21, 2019. In granting Thomas's continuance the court stated that Thomas assures Swedish "and the [c]ourt that she will be able to file by November 18, 2019, an expert declaration setting forth precisely how, on a more probable than not basis to a reasonable degree of

---

[1] Clerk's Papers (CP) at 2.

[2] CP at 14-15.

medical certainty, defendant's actions [fell] below the applicable standard of care and caused her harm."[3]  The court expressly required Thomas to file an expert witness declaration by November 18.  On October 19, Thomas requested another continuance to December 30, 2019.  The court did not grant this continuance.

On November 14, Thomas provided the court with a "disclosure of possible primary witnesses."[4]  The disclosure listed Dr. Arthur Hadley as a "possible expert witness."[5]  But Thomas did not identify any specific testimony Dr. Hadley would offer and provided no declaration from any expert witness in opposition to summary judgment.

On November 22, the trial court granted Swedish Hospital's summary judgment motion.

Thomas appeals.

ANALYSIS

I.  Summary Judgment

Thomas argues that the trial court improperly granted summary judgment in favor of Swedish because the court's October 18 order requiring Thomas to submit a declaration of her expert witness by November 18 was "unfair."[6]

---

[3] CP at 189 (emphasis omitted).

[4] CP at 212-14.

[5] CP at 212-13.

[6] Appellant's Br. at 21-22.

We review an order granting summary judgment de novo.[7] Summary judgment is appropriate "only when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law."[8] A genuine issue of material fact exists if the evidence is sufficient for a reasonable person to return a verdict for the nonmoving party.[9]

In a medical malpractice case, a "defendant moving for summary judgment can meet its initial burden by showing that the plaintiff lacks competent expert testimony."[10] "The burden then shifts to the plaintiff to produce an affidavit from a qualified expert witness that alleges specific facts establishing [the] cause of action."[11] Specifically, the plaintiff "must show that '[t]he health care provider failed to exercise the degree of care, skill, and learning expected of a reasonably prudent health care provider . . . in the same or similar circumstances.'"[12]

Here, on September 13, 2019, Swedish Hospital filed a summary judgment motion arguing that Thomas "has not, and cannot, produce the requisite testimony of an expert witness who will testify that [the hospital's] medical providers failed to comply with the applicable standard of care and proximately caused" her injury.[13]

---

[7] Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

[8] Id. (citing Scrivener v. Clark Coll., 181 Wn.2d 439, 444, 334 P.3d 541 (2014)).

[9] Reyes v. Yakima Health Dist., 191 Wn.2d 79, 86, 419 P.3d 819 (2018).

[10] Guile v. Ballard Cmty. Hosp., 70 Wn. App. 18, 25, 851 P.2d 689 (1993).

[11] Id.

[12] Reyes, 191 Wn.2d at 86 (quoting RCW 7.70.040(1)).

[13] CP at 16.

On November 14, Thomas filed a "disclosure of possible primary witnesses" listing Dr. Hadley as her "possible expert witness."[14]  But her disclosure did not contain a declaration from Dr. Hadley establishing that Swedish Hospital was in breach of the standard of care, or that Swedish Hospital's alleged breach proximately caused her any injury, or even describe any opinions Dr. Hadley might offer.[15]

Because Thomas failed to present the court with an expert's declaration establishing the existence of a genuine issue of material fact, summary judgment in favor of Swedish Hospital was proper.

II.  Motion for a Continuance

Thomas contends that the trial court "erred . . . by ignoring [Thomas's] repeated request for additional time after November 18, 2019, to disclose [her] expert witness."[16]

We review a trial court's denial of a motion for a continuance for an abuse of discretion.[17]  A court abuses its discretion when its decision is based on untenable grounds or untenable reasons.[18]

---

[14] CP at 212-14.

[15] Thomas also argues that the court erred in granting Swedish Hospital's summary judgment motion because the case setting schedule only required her to submit a "disclosure of possible primary witnesses" by November 18, 2019, and did not mention that she was also required to submit an expert's declaration by that date.  But because Thomas provides no authority supporting her assertion that declarations required by the trial court must appear on the case setting schedule, her argument is not compelling.

[16] Appellant's Br. at 17.

[17] Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994).

[18] Andren v. Dake, 14 Wn. App. 2d 296, 305-06, 472 P.3d 1013 (2020).

CR 56(f) governs continuances to obtain additional evidence in response to a summary judgment motion and provides:

> Should it appear from the affidavits of a party opposing the motion that, for reasons stated, the party cannot present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

But the trial court can deny a motion for a continuance if "(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact."[19]

Here, on September 27, 2019, Thomas filed a motion to continue the October 18 summary judgment hearing alleging that her "limited resources" made it difficult to retain an attorney and that she needed more time to obtain "crucial information" to support her claims.[20] On October 7, 2019, Thomas filed another motion to continue arguing that she needed more time "based on the 'deadline' [set by the court to disclose] possible primary witnesses."[21]

At the October 18 hearing, the court granted Thomas a one-month continuance to file an expert declaration and postponed the hearing to November 21. The court's written order stated that Thomas's contention "that a medical expert will opine that [Swedish Hospital's] actions [fell] below the applicable

---

[19] Turner v. Kohler, 54 Wn. App. 688, 693, 775 P.2d 474 (1989).

[20] CP at 25.

[21] CP at 43.

6

standard of care and caused her damage . . . met the requirements of CR 56(f) to obtain a limited continuance."[22]

A day after the court granted Thomas a one-month continuance, Thomas filed a declaration requesting an additional continuance to December 30, 2019, stating the additional continuance was "necessary for [her] to obtain an expert witness."[23]  But the court already granted Thomas a one-month continuance for additional time to obtain a declaration from an expert witness.  Because Thomas failed to provide a "good reason" for her request, the trial court did not abuse its broad discretion in denying Thomas an additional continuance.[24]

Therefore, we affirm.

WE CONCUR:

---

[22] CP at 189.

[23] CP at 259-60, 317.

[24] Thomas contends that she was unable to file her expert's declaration by November 18, 2019, because Swedish Hospital was withholding her medical records.  But Thomas did not move to compel copies of her medical records until November 20, 2019, two days after she was required to submit her expert's declaration.  Because Thomas provided no "good reason" for her delay in pursuing her medical records, the court did not abuse its discretion in denying Thomas a continuance on this basis.

7