## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ANNA BELL, | No. 53815-6-II |
| Appellant, | |
| v. | |
| TAMARA L. POSTHUMA, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, J. — Anna Bell petitioned for a domestic violence protection order against her sister-in-law, Tamara Posthuma. A court commissioner dismissed the petition after a hearing, and the transcript of that hearing was not provided to this court. Bell appeals the dismissal and award of attorney fees to Posthuma in the amount of $1,500. Posthuma argues that the trial court did not abuse its discretion in dismissing the petition or awarding attorney fees and, additionally, requests an attorney fee award on appeal.

We decline to review both the dismissal of the petition for a domestic violence protection order and the trial court's attorney fee award. Accordingly, we affirm. In addition, we grant Posthuma's request for attorney fees on appeal.

FACTS

Posthuma is the adopted sister of Bell's now late husband. Bell petitioned for a domestic violence protection order against Posthuma, alleging that Posthuma had threatened to kill Bell and

her family if they did not give her money.[1] The court granted a temporary order for protection and set a hearing for a full order.

In response to the petition, Posthuma denied Bell's allegations. In addition, Posthuma requested attorney fees and costs totaling $3,500 under CR 11, arguing that Bell's claims were brought "without reasonable cause and for the sole purpose of harassing and intimidating" Posthuma. Clerk's Papers at 34.

After the hearing for a full order, the court commissioner dismissed Bell's petition. The order itself did not indicate why the petition was dismissed, and it did not include written findings of fact or conclusions of law. Although it appears that the commissioner may have indicated that Bell did not appear at the hearing, Bell was sworn in at the hearing, provided testimony, and signed the dismissal order. In addition, the commissioner awarded $1,500 in attorney fees to Posthuma.

Bell appeals.

## DISCUSSION

Bell argues that her petition for an order of protection should have been granted and that she should not have been ordered to pay $1,500 in attorney fees to Posthuma. Posthuma argues that the trial court did not abuse its discretion in either dismissing Bell's petition or requiring Bell to pay attorney fees. We decline to review these issues.

A. LEGAL PRINCIPLES

"The party presenting an issue for review has the burden of providing an adequate record to establish such error." *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012); RAP 9.2(b). We may seek to supplement the record on our own initiative, decline to address the merits of an

---

[1] Bell included her minor daughter in her petition.

issue, or affirm if the record is sufficient to support the decision or fails to establish an abuse of discretion. *Sisouvanh*, 175 Wn.2d at 619. However, absent compelling circumstances, we should avoid deciding a case or issue on the basis of noncompliance with the rules of appellate procedure. RAP 1.2(a); *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 693, 959 P.2d 687 (1998). When an implicit finding can be inferred, we can generally review the finding. *Sisouvanh*, 175 Wn.2d at 618.

B. ANALYSIS

*1. Dismissal of Petition for Order of Protection*

Bell argues that the trial erred by dismissing her petition. We decline to review this issue.

We review the denial of a domestic violence protection order for abuse of discretion. *Rodriguez v. Zavala*, 188 Wn.2d 586, 590, 398 P.3d 1071 (2017).

Here, we are unable to determine whether the trial court abused its discretion based on the record before us. Bell submitted Clerk's Papers, which included the dismissal order and a docket minute entry for the hearing. However, Bell did not provide us with a report of proceedings,[2] and the trial court did not include findings of fact and conclusions of law in its order.

In her brief, Bell provides statements that the commissioner allegedly made when dismissing her petition. For example, Bell believes that the commissioner erred by not believing that Posthuma had threatened to kill Bell. Bell also asserts that the commissioner denied her petition in part because "the request for protection was previously denied to Ms. Bell's estranged husband," and that Bell could not seek a protection order without her husband. Br. of Appellant at

---

[2] Bell indicated that she did not provide a report of proceedings because of financial difficulties.

6-7. Further, Bell contends that the commissioner erred by concluding that she and her (now late) husband were not estranged because they shared a mailbox.

But these statements were provided with no citation to the record, in violation of RAP 10.3(a)(6), and with no report of proceedings for us to examine. As a result, we cannot review the evidence presented to the trial court, or the trial court's reasoning for denying the petition, to determine whether the trial court abused its discretion. Bell's failure to provide a report of proceedings is more than mere noncompliance with the rules of appellate procedure. RAP 1.2(a); *Rhinevault*, 91 Wn. App. at 693. Rather, we cannot evaluate the alleged error.

Therefore, we decline to review this issue.

*2. Attorney Fee Award at Trial Court*

Bell argues that the $1,500 attorney fee award to Posthuma was unreasonable. We decline to review this issue.

When a party signs a pleading or motion, the signature certifies that, to the best of the party's knowledge, information, and belief:

> (1) it is well grounded in fact; (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

CR 11(a)(1)-(3). If a pleading or motion violates CR 11, the court may impose an appropriate sanction, "including a reasonable attorney fee." CR 11(a)(4). We review CR 11 sanctions for an abuse of discretion. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994).

Once again, the trial court did not indicate why it ordered an attorney fee award of $1,500. Because Posthuma requested $3,500 in attorney fees under CR 11 in her response to the petition,

we can infer that the trial court imposed the fee as a CR 11 sanction. But on the record before us, we cannot determine whether this sanction was an abuse of the court's discretion. Bell's failure to provide a report of proceedings is more than mere noncompliance with the rules of appellate procedure. RAP 1.2(a); *Rhinevault*, 91 Wn. App. at 693. Rather, we cannot evaluate the alleged error.

Therefore, we decline to review this claim.

ATTORNEY FEES ON APPEAL

Posthuma requests attorney fees on appeal under RAP 18.1 and CR 11.

RAP 18.1(a) provides for the recovery of reasonable attorney fees on appeal if "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review" and the party properly requests it. As noted above, we do not have a proper record to determine whether sanctions under CR 11 are appropriate in this case.

Under RAP 18.9, an appellate court may order a party who files a frivolous appeal to pay damages to a party who has been harmed. "An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012).

Bell's failure to provide us with an adequate record precluded our ability to assess the trial court's order and any possibility of reversal. We cannot necessarily say that there are no debatable issues, but we also cannot say whether there *were* any debatable issues. Nevertheless, Posthuma incurred attorney's fees having to respond to this appeal. Under the particular circumstances of

this case, Bell's appeal is frivolous. Therefore, we award attorney fees to Posthuma for having to defend against a frivolous appeal in an amount to be determined by the court commissioner.[3]

CONCLUSION

We decline to review the dismissal of Bell's petition and the attorney fee award issued by the trial court. In addition, we grant Posthuma's request for attorney fees on appeal. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

I concur:

VELJACIC, J.

---

[3] The dissent expresses concern that a broad interpretation of frivolousness will lead to a chilling effect for low-income individuals seeking protection on appeal. Although we share this concern, we believe our holding in this case is sufficiently narrow and case-specific to alleviate this concern. We also note that this case does not involve allegations of intimate partner or caregiver violence.

GLASGOW, A.C.J. (dissenting in part)—I agree with the majority's decision to affirm because we are unable to determine whether the trial court abused its discretion based on the record before us. I dissent only because I disagree with the majority's decision to grant attorney fees to Tamara Posthuma on appeal.

Under RAP 18.9(a), this court has discretion to award attorney fees for the filing of frivolous appeals. An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal. *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012).

We are declining to address the merits of this appeal because Bell failed to designate the record necessary for us to evaluate the issues raised in the assignments of error. Bell is appearing pro se before our court. Bell indicated in her reply brief that she "cannot afford a written transcript due to her current unemployment, recent death of a spouse, child's care, farm care[,] and essential needs." Appellant's Reply Br. at 16.

I would not conclude that Bell's inability to arrange for transcription of the hearing below renders this appeal frivolous under RAP 18.9 in light of the high bar that frivolousness presents. We are declining to address the merits of Bell's appeal for lack of an adequate record. Posthuma, the respondent on appeal, has also failed to designate the record necessary for us to evaluate whether Bell's appeal is truly frivolous. I would similarly decline to award attorney fees on appeal because Posthuma, as the party requesting fees, has not shown that Bell's appeal raises no debatable issues.

I am also conscious that an unfortunate side effect of a too broad interpretation of frivolousness is the chilling effect that the risk of having to pay attorney fees can have on

petitioners for protection orders in future cases. Low income people seeking protection, especially, may forgo an appeal to avoid the risk of being crippled by an attorney fees award.

In deciding whether to grant a protection order, trial judges are frequently called on to make difficult determinations about how to apply the law to particular facts. I am particularly reluctant to be quick to conclude that an appellant raised no debatable issue on appeal of a refusal to grant a protection order. Although our standard of review in protection order cases is generally appropriately deferential to the trial court making these difficult decisions, absent a more robust record, I cannot conclude that Bell has raised no debatable issue at all on which reasonable minds could differ.

Therefore, I respectfully dissent in part.

_____
Glasgow, A.C.J