**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| RYAN ADAM DIXON, <br><br> Appellant, <br><br> v. <br><br> JENNI HALLACK and HALLACK LAW, PLLC <br><br> Respondent. | No. 87160-9-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

BIRK, J. — The superior court dismissed Ryan Dixon's complaint against Jenni Hallack and Hallack Law, PLLC (collectively Hallack Law), because Dixon's claim for unjust enrichment was time barred. The superior court also awarded attorney fees to Hallack Law under CR 11. Dixon argues the superior court erred in allowing untimely filings, converting Hallack Law's motion to dismiss into a summary judgment motion, and awarding fees to Hallack Law when Dixon had filed a notice of appeal. We affirm and deny Hallack Law's request for fees.

I

In April 2024, Dixon filed pro se a complaint against Hallack Law for unjust enrichment, alleging Hallack Law did not fully refund him for legal services he had paid for in advance. Hallack Law moved to dismiss under CR 12(b)(6), and several days later Dixon moved for summary judgment.

At the initial hearing on the parties' motions, the court explained to Dixon that asking the court to consider evidence not in the complaint in response to CR

12(b)(6) motion converts the motion to one for summary judgment. At the same hearing, the court continued the matter to provide Dixon an opportunity to file a reply to Hallack Law's response to his summary judgment motion. Hallack Law had acknowledged it untimely responded to Dixon's motion for summary judgment, and Dixon had indicated he had not had time to reply to its response before the noted hearing. At the continued hearing, the court converted Hallack Law's motion to dismiss to a motion for summary judgment and granted it, dismissing Dixon's motion for summary judgment. The court ruled Dixon's claims were time-barred and did not make a ruling on whether Dixon's claims were frivolous.

Hallack Law moved for attorney fees under RCW 4.84.185 and CR 11. The court denied Hallack Law's claim for fees under RCW 4.84.185 for being untimely and granted Hallack Law's claim under CR 11, concluding the three CR 11 elements had been met. Dixon unsuccessfully moved for reconsideration.

Dixon appeals the order granting Hallack Law's motion for summary judgment.

II

A

Dixon argues the superior court lacked jurisdiction to award fees after a notice of appeal had been filed. A trial court order awarding attorney fees under CR 11 after appeal of final judgment does not modify the judgment and may be entered consistent with RAP 7.2(e). Leen v. Demopolis, 62 Wn. App. 473, 484-85, 815 P.2d 269 (1991). Dixon's reliance on Biggs v. Vail, 124 Wn.2d 193, 876 P.2d 448 (1994) is unavailing. Biggs emphasized that parties accused of violating

CR 11 are entitled to notice. Id. at 198. But Biggs upheld sanctions under CR 11 entered after mandate, id. at 196, 199-200, and Dixon had adequate notice to respond to Hallack Law's motion for CR 11 sanctions. For the first time in reply, Dixon argues that Hallack Law's motion for CR 11 sanctions violated CR 54(d)(2). This court generally does not consider arguments raised for the first time in reply. SYNNEX Corp. v. Dep't of Revenue, 34 Wn. App. 2d 857, 875, 572 P.3d 1214 (2025).

B

Dixon argues the superior court improperly converted Hallack Law's CR 12(b)(6) motion to a motion for summary judgment without providing proper notice. However, the trial court did not err in converting Hallack Law's CR 12(b)(6) motion to a CR 56 summary judgment motion. When a CR 12 motion is converted to a CR 56 motion, the court does not necessarily need to newly afford parties the precise time periods for response set forth in CR 56. Zurich Servs. Corp. v. Gene Mace Constr., LLC, 26 Wn. App. 2d 10, 27, 526 P.3d 46 (2023). Here, after observing that the CR 12 motion relied on materials outside the pleadings, and for other reasons, the court set a new hearing to take place three weeks after the original hearing. And, Dixon sought summary judgment determining the action, suggesting he believed the evidence was sufficiently developed and available for the court to rule summarily on the merits. Dixon argues in this court that the three week postponement was inadequate for him to gather evidence appropriate to a summary judgment motion. But he presents this argument in purely conclusory terms, never explaining what evidence he believed he needed to develop but

3

lacked time to do so. Given the absence of Dixon pointing to any evidence he needed more time to develop, the trial court's handling of the conversion of the motion was within its discretion.

C

Dixon next contends that the trial court violated his rights to due process under the federal and state constitutions because, he says, the trial court strictly enforced procedural rules against Dixon but demonstrated leniency to Hallack Law. The alleged leniency towards Hallack Law included considering its allegedly late-filed materials and allowing it to argue a statute of limitations defense despite not having pleaded it. The alleged strict enforcement against Dixon, to the extent explained in Dixon's briefing, appears to be that the court did not in his view show him similar leniency.

We have reviewed the trial court's handling of the proceedings, and it was consistent with the Civil Rules. The purpose of the Civil Rules, including the policy of liberally allowing amendment of the pleadings, is to facilitate proper decisions on the merits. Wilson v. Horsley, 137 Wn.2d 500, 505, 974 P.2d 316 (1999). Dixon shows no error in the trial court's reaching the merits of the controversy while allowing Dixon at all times reasonable opportunity to respond to the merits of his opponent's contentions.

D

Dixon next asserts that the trial court erred in granting summary judgment to Hallack Law. However, Dixon does not assert any error in the substantive decision granting the motion—i.e., Dixon does not challenge the trial court's

analysis that the evidence showed he knew of the alleged discrepancy in the refund amount no later than January 2021, he filed suit more than three years later in April 2024, and he asserted only an unjust enrichment claim subject to at most a three year limitation period.  See RCW 4.16.080(2) ("The following actions shall be commenced within three years: . . . (2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated.").  Rather, Dixon repeats generally the same procedural arguments addressed above, claiming the trial court improperly allowed Hallack Law to assert the limitations defense, misapplied procedural rules, and improperly considered Hallack Law's allegedly late filings.  We have rejected those arguments above.  Dixon fails to show that resolution of the action on limitations grounds involved any genuine issue of material fact or that the trial court erred in granting summary judgment.

E

Dixon challenges the trial court's postjudgment order requiring that he pay Hallack Law's reasonable attorney fees as a sanction under CR 11.  Dixon argues that a self-represented litigant who does not incur attorney fees may not recover fees.  Pro se litigants are generally not entitled to attorney fees for their work representing themselves.  Price v. Price, 174 Wn. App. 894, 905, 301 P.3d 486 (2013).  But lawyers who represent themselves may recover fees because they must take time from their practice to prepare and appear as would any other lawyer.  Leen, 62 Wn. App. at 487.

5

Dixon argues that the standard for sanctions under RCW 4.84.185 was not met, but the trial court denied sanctions under RCW 4.84.185 so we need not address this argument.

Dixon argues the trial court erred by ruling that his complaint violated CR 11 because it was not "objectively unreasonable." To comply with CR 11(a), a pleading must be well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, and not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. The rule applies to pro se parties as well as attorneys. See West v. Wash. Ass'n of County Offs., 162 Wn. App. 120, 136, 252 P.3d 406 (2011). Courts should employ an objective standard in evaluating an attorney's conduct, and the appropriate level of prefiling investigation is to be tested by inquiring what was reasonable to believe at the time the pleading, motion, or legal memorandum was submitted. Biggs, 124 Wn.2d at 197. We review a CR 11 ruling for abuse of discretion. Id.

The trial court reasonably concluded that there was never a proper basis to suggest that the alleged discrepancy meant that Dixon should have received a greater refund, as opposed to the allegedly discrepant statement to the court representing only a proposed resolution rejected by Dixon. Further, any reasonable inquiry would have shown that the complaint was time-barred when filed. The trial court tenably concluded that Dixon's complaint violated CR 11.

6

Finally, citing Matthews v. Eldrige, 424 U.S. 319, 96 U.S. 319, 47 L. Ed. 2d 18 (1976), Dixon argues that the trial court's order that he pay his opponent's reasonable attorney fees because his complaint violated CR 11 was an inequitable burden warranting reversal "under the principles of fairness and equity." There is no colorable basis for arguing that it violates due process for a court to require a party filing a lawsuit in violation of CR 11 to pay their opponent's reasonable attorney fees. Mounting a defense to even a frivolous lawsuit may consume a defendant's time and resources. Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 390, 131 S. Ct. 2488, 180 L. Ed. 2d 408 (2011).

F

Hallack Law seeks attorney fees on appeal. Hallack Law argues that Dixon's appeal was frivolous, he has filed numerous motions in this court which "dramatically increased the time and resources" Hallack Law was required to devote to the matter, and Dixon failed to follow the Rules of Appellate Procedure.

RAP 18.9(a) allows a court to order a party or counsel who, among other things, files a frivolous appeal to pay compensatory damages or sanctions. Appropriate sanctions include an award of attorney fees and costs. Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009). An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal. Id. But an appeal that is affirmed merely because the arguments are rejected is not frivolous. Id at 195-96. All doubts as to whether the appeal is frivolous should be resolved in favor of the

7

appellant. In re Marriage of Schnurman, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).

With doubts resolved in his favor, Dixon raises at least a colorable challenge to the trial court's award of CR 11 sanctions against him, such that we cannot say his appeal meets the standard of frivolousness of RAP 18.9(a). We deny Hallack Law's request for reasonable attorney fees.

Affirmed.

Birk, J.

WE CONCUR:

Mann, J.