[No. 16825-5-III.   Division Three.   January 5, 1999.]

*In the Matter of* JACK C. COOKE, *Appellant*, and LIESELOTTE BURGNER, *Respondent*.

*Paul J. Wasson II*, for appellant.
*Jeff A. Morris* and *Scott A. Morris* of *Powell & Morris, P.S.*, for respondent.

SWEENEY, J. — In this action to dissolve a meretricious relationship, the question presented is whether the trial court abused its discretion by imposing $20,000 in attorney fees (terms) against Jack Cooke because he signed and filed an unsupported, and unsupportable, statement of issues. It did not. And we affirm the order.

FACTS

Cooke and Lieselotte Burgner (now Lieselotte Basham) had a meretricious relationship between late 1991 and October 1993. Cooke lived in Burgner's home "off and on." In June 1994, Cooke filed a petition for distribution of assets pursuant to dissolution of a meretricious relationship. Burgner denied there were any assets or joint property that the court could divide.

In May 1995, Cooke signed and filed the statement of issues which gives rise to the present controversy. He used

his attorney's pleading paper. In the statement, Cooke claimed Burgner owed him between $100,000 to $200,000 for (1) money converted from their shared account; (2) loans made to Burgner; (3) construction of rental property and rents converted by Burgner; and (4) substantial separate property and gifts in Burgner's possession. Substantial discovery, including a four-day deposition of Cooke, followed the statement of issues.

Burgner amended her response to specifically deny the existence of a meretricious relationship. The trial court granted Cooke's motion for voluntary dismissal.

Burgner moved for an award of attorney fees, expenses and CR 11 sanctions. The court noted that there initially was a legitimate basis to demand an accounting. But the court found that none of the issues raised in Cooke's statement of issues were capable of proof. It further found that Cooke filed the statement of issues for improper purposes and that the cost of the proceeding was increased due to Cooke's intransigence and vexatious conduct.

It then awarded $20,000 in fees and expenses to Burgner against Cooke only, not his attorney, pursuant to RCW 4.84.185 and the court's equitable powers. Burgner claimed fees of $31,700.

On Burgner's motion for reconsideration to increase the amount of fees, the court found that Cooke, individually, had violated CR 11 by filing the statement of issues. But it refused to increase the fee amount.

#### DISCUSSION

Cooke contends the trial judge abused his discretion by imposing terms. Burgner urges that the award is supportable on three grounds: the frivolous suit statute (RCW 4.84.185), the court's inherent equitable authority (*Hsu Ying Li v. Tang*, 87 Wn.2d 796, 798, 557 P.2d 342 (1976)), and CR 11 (signing of pleadings, motions, and legal memoranda: sanctions). We need not discuss all three grounds since the court's decision was authorized by CR 11.

■ We review the imposition of CR 11 sanctions for abuse of discretion. *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). The trial court must base an award of sanctions on reasonable or tenable grounds. *Id.* CR 11 addresses two separate problems: baseless filings and filings made for an improper purpose. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 217, 829 P.2d 1099 (1992). The trial court here found that the statement of issues was not well grounded in fact and was interposed for improper purposes, including harassment of Burgner.

■ A baseless filing is one that is neither grounded in fact nor warranted by existing law. *Id.* at 219-20. The author of the pleading must have failed to conduct an objectively reasonable prefiling inquiry into the factual and legal basis of the claim. *Id.* at 220. To avoid the 20/20 hindsight view, the trial court must conclude that the claim clearly has no chance of success. *MacDonald v. Korum Ford*, 80 Wn. App. 877, 884, 912 P.2d 1052 (1996).

Here, the trial court found, and the finding is amply supported by this record, that Cooke's claim that Burgner owed him between $100,000 to $200,000 for converted joint property, loans, converted rents and gifts was unsupportable at the time the statement of issues was filed. Cooke failed to produce any evidence to support the assertions outlined in his statement of issues, despite extensive discovery. Cooke also threatened to destroy Burgner and force her to incur substantial legal costs. This evidence amply supports the court's award of fees.

■■ Cooke also argues that the court should not have sanctioned him individually. The rule gives the trial court broad discretion in determining who should be sanctioned. *Miller v. Badgley*, 51 Wn. App. 285, 303, 753 P.2d 530, *review denied*, 111 Wn.2d 1007 (1988). It authorizes the court to sanction either the party or the attorney. *Blair v. GIM Corp.*, 88 Wn. App. 475, 481-82, 945 P.2d 1149 (1997). Rule 11 sanctions should be imposed directly on the party if the party is responsible for the frivolous filing. *See*

*Chevron, U.S.A., Inc. v. Hand,* 763 F.2d 1184, 1187 (10th Cir. 1985); *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1336 (2d ed. 1990).

Here, the statement of issues was prepared and filed by Cooke. Only Cooke signed the filing. And it was therefore appropriate that the court sanction Cooke only.

■ Cooke next argues that the $20,000 in sanctions was excessive. Burgner requested fees of $31,700. The court segregated that portion of the fees incurred before discovery and refused to award those fees. It estimated that Burgner had incurred $20,000 in additional expenses as a result of the frivolous allegations. Again, the trial court did not abuse its discretion.

■ Finally, Burgner requests attorney fees and costs on appeal arguing that failure to award these costs will effectively erode the trial court's award. While that may be true, RAP 18.9(a) authorizes sanctions only if the appeal is frivolous or brought for the purpose of delay.

There is merit to Cooke's argument that fees are not awardable under RCW 4.84.185 because if any of the claims are meritorious, then the whole action is not frivolous. *See Tiger Oil Corp. v. Department of Licensing,* 88 Wn. App. 925, 938, 946 P.2d 1235 (1997). And there is at least a question whether the court had equitable power to award fees. *See* criticism of the rule permitting an equitable award of fees in *Dempere v. Nelson,* 76 Wn. App. 403, 407-10, 886 P.2d 219 (1994), *review denied,* 126 Wn.2d 1015 (1995). We do not award fees on appeal.

Affirmed.

KURTZ, A.C.J., and BROWN, J., concur.