# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KELLEY HIGGINS, | No. 58524-3-II |
| Appellant, | |
| v. | |
| MARTIN WEATHERS, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, C.J.—Kelley Higgins, acting pro se, sued Martin Weathers for childhood sexual abuse. Following a bench trial, the trial court found that Higgins had proved that Weathers sexually abused him, but had not met his burden of demonstrating that the abuse was a proximate cause of his injuries. Following the trial court's verdict, Higgins filed numerous posttrial motions asking the court to, among other things, reconsider its decision regarding proximate cause and address alleged misconduct by defense counsel. The trial court denied these motions, and at Weathers' request, found that the motions were not based in fact or law. The trial court ordered Higgins to pay Weathers' reasonable attorney fees and costs incurred in responding to these motions as a sanction under CR 11.

Higgins appeals the trial court's imposition of CR 11 sanctions. He argues that Weathers' motion for attorney fees was untimely and that his own motions conformed to the requirements of CR 11. Higgins also makes numerous additional arguments that are beyond the scope of this appeal.

Weathers responds that the motion for attorney fees was properly filed and that the trial court acted within its discretion when it entered the attorney fee award.

With regard to Higgins' other arguments, Weathers argues that our scope of review is limited to the trial court's judgment awarding attorney fees and that we are barred from hearing issues related to Higgins' first notice of appeal because the mandate has been issued in that appeal. Weathers further contends that Higgins' notice of appeal in this case does not encompass prior orders of the trial court because the notice did not designate those orders.

We agree that we are barred from considering issues that fell within the scope of the first appeal, but we consider Higgins' arguments related to the trial court orders pertaining to the imposition of CR 11 sanctions. We hold that although Weathers' motion for CR 11 sanctions was timely, the trial court erred in awarding sanctions under CR 11 without finding that Higgins failed to conduct a reasonable inquiry into the law or facts supporting his motion. Accordingly, we reverse the trial court's order on CR 11 sanctions and remand this matter for the court to address the issue of whether Higgins failed to conduct a reasonable inquiry into the law or facts supporting his motion and enter appropriate findings if so.

FACTS

I. TRIAL

Kelley Higgins, a self-represented litigant, sued his cousin, Martin Weathers, for childhood sexual abuse. Following a bench trial, the trial court determined that Higgins had proved that Weathers sexually abused him but had not met his burden of demonstrating that the abuse was a proximate cause of his injuries.

## II. POSTTRIAL MOTIONS

Following the trial court's decision, Higgins filed a motion for reconsideration with the trial court, alleging misconduct by opposing counsel and the opposing party, and errors in evidentiary rulings. The trial court denied Higgins' motion for reconsideration.

About three weeks after the trial court's verdict, Higgins filed a motion to assess noneconomic damages. Four days later, Higgins filed two additional sets of motions. The first set of motions contained a motion for new trial, motion to amend complaint, motion to stay portions of the current judgment, motion to compel defendant to provide all assets, and motion to freeze all assets and reverse all conveyances. The body of the single page motion also sought "approval to [amend] motion for reconsideration" and a "stay on liability and statutes of limitations." Clerk's Papers (CP) at 113.

The second set of motions contained Higgins' motion for new trial/reopen. Higgins also filed a document entitled supplemented/amended pleadings, which contained arguments in support of his first set of motions.

In addition to direct responses to Higgins' motions, Weathers filed a "Motion for Order Barring Plaintiff from Filing Additional Motions; for Order to Restrict Abusive Litigation & Order for Legal Fees and Costs" ("Motion to Restrict Future Litigation"). *Id.* at 155. In the Motion to Restrict Future Litigation, Weathers requested, among other things, for the court to impose CR 11 sanctions and enter an order restricting abusive litigation.

After hearing oral argument, the trial court ruled on all of Higgins' motions and Weathers' Motion to Restrict Future Litigation at the same time. The trial court denied all of Higgins' motions and awarded CR 11 sanctions, stating, "Plaintiff's motion before the court violates the above-

referenced provisions." *Id.* at 197. The court clarified that the sanctions were based on its finding that Higgins' motions were not grounded in fact or law in its order on Weathers' Motion to Restrict Future Litigation. As a sanction for the CR 11 violations, the court awarded Weathers reasonable attorney fees and costs associated with responding to Higgins' motions. In response to Weathers' Motion to Restrict Future Litigation, the court prohibited Higgins from e-mailing counsel for defendant,[1] prohibited Higgins from filing any motion except those that are necessary to prosecute his appeal, and awarded Weathers reasonable attorney fees and costs directly related to the filing of his motion.

Weathers filed a motion for an order approving attorney fees and costs in the amount of $7,790. On May 31, 2023, after hearing oral argument on the matter, the trial court entered an order granting attorney fees to Weathers in the amount of $7,143. On November 3, 2023, the court ordered a money judgment against Higgins in the amount of the attorney fee award.

### III. APPELLATE PROCEDURAL HISTORY

Higgins filed a notice of appeal with this court on July 3, 2023. This court notified Higgins that his notice of appeal was untimely and invited Higgins to file a motion to enlarge the time for filing the notice of appeal. Higgins took no action, and the case was dismissed. This court mandated Higgins' case to the superior court on September 14, 2023.

This case involves Higgins' second notice of appeal, which states "Kelley Alan[ ]Higgins, plaintiff, seeks review . . . of the judgement [sic] ordered on November 3rd 2023. Specifically

---

[1] The same day Higgins filed many of his posttrial motions, he sent an e-mail to defense counsel that stated, in part, "I will not stop until you are disbarred and hopefully paying fines or sitting your a** in jail." CP at 166. In the e-mail, Higgins also called defense counsel a "scumbag" and referenced his wife, his wife's business, and his children. *Id.*

awarding defendants attorney fees as sanctions against plaintiff." *Id.* at 298. Higgins attached a

copy of the November 3rd order on motion for attorney fees and costs to his notice of appeal.

DISCUSSION

I. DETERMINATION THAT CR 11 VIOLATION OCCURRED

Higgins argues that the trial court erred in ruling that his motions violated CR 11 because,

among other reasons,[2] Weathers' motion for attorney fees was untimely. We hold that Weathers'

motion was not untimely, but that the trial court erred because it did not address whether Higgins

failed to make a reasonable inquiry into the law or facts supporting his motion or make a finding

addressing this question. This finding is a necessary predicate to imposing sanctions under CR 11.

---

[2] Higgins also argues that CR 11(c) contains a "separate motion" requirement that Weathers did not comply with, and that the trial court imposed sanctions against him because it was biased against him. Unlike Federal Rule 11, Washington State's CR 11 does not contain a section (c) nor a mandatory separate motion requirement. Therefore, we hold that Weathers' motion did not violate any of the requirements of CR 11 merely because the request for sanctions was not filed as a separate motion. And we decline to consider Higgins' bias argument in light of our reversal of the trial court's sanction order. Higgins may bring his motion for a change of judge on remand.

Accordingly, we reverse the award of CR 11 sanctions and remand this matter to the trial court to address this question.[3]

A. LEGAL PRINCIPLES

Under CR 11, a trial court may impose sanctions against a self-represented party in two situations. *In re Recall of Lindquist*, 172 Wn.2d 120, 136, 258 P.3d 9 (2011). First, when that party files a pleading, motion, or legal memorandum that is not grounded in fact or law and that party failed to conduct a reasonable inquiry into the facts and law under the circumstances. *Id.* Second, when that party files a pleading, motion, or legal memorandum for an improper purpose. *Id.*

---

[3] Weathers, in addition to asking us to reject Higgins' arguments, complains that Higgins' sparse notice of appeal, which merely stated "Kelley Alan[ ]Higgins, plaintiff, seeks review . . . of the judgement ordered on November 3rd 2023. Specifically awarding defendants attorney fees as sanctions against plaintiff," did not adequately designate for review the trial court's orders that underlie its order imposing CR 11 sanctions. CP at 298. Specifically, Weathers argues that this court should not consider Higgins' arguments related to the trial court's order on defendant's motion to restrict future litigation and order for fees; order on motion for a new trial; motion to amend complaint; motion to stay portions of current judgment; motion to compel defendant to provide all assets; motion to freeze all assets and reverse all conveyance; order on motion to assess non- economic damages; order on motion for a new trial/reopen; and order on motion for attorney fees and costs.

We disagree. However, under RAP 2.4(b), "The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." Furthermore, the appellate court will disregard defects in the form of the notice of appeal if the notice clearly reflects an intent by a party to seek review. RAP 5.3(f). Here, Higgins clearly intended to seek review of the CR 11 sanctions imposed against him. The November 3rd order on fees references the trial court's May 31, 2023, order granting an award of attorney fees in the amount of $7,143. And the May 31 order, in turn, references the trial court's April 21, 2023, order finding that Higgins violated CR 11 and that sanctions were warranted.

Although Higgins did not comply with the formalities outlined in RAP 5.3(a), we disregard the errors in the form of notice because the notice clearly reflects Higgins' intent to appeal all of the orders that the CR 11 sanctions and corresponding attorney fee award were based on. Moreover, these orders are directly related to the November 3rd order and the orders were entered before this court accepted review. We agree with Weathers that we should not consider any arguments related to the issues mandated to the trial court after the first notice of appeal.

We review a trial court's imposition of CR 11 sanctions for an abuse of discretion. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994). When determining whether the trial court has abused its discretion, we must consider that "[t]he purpose behind CR 11 is to deter *baseless* filings and to curb abuses of the judicial system." *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 219, 829 P.2d 1099 (1992). Because CR 11 sanctions have the potential to chill meritorious claims, the trial court should impose sanctions only when it is patently clear that a filing has absolutely no chance of success. *In re Cooke*, 93 Wn. App. 526, 529, 969 P.2d 127 (1999). The fact that a filing does not prevail on its merits is not enough. *Bryant*, 119 Wn.2d at 220. Washington courts may look to federal decisions interpreting Federal Rule of Civil Procedure 11 for guidance in interpreting our own rule. *Biggs*, 124 Wn.2d at 196.

In imposing CR 11 sanctions, it is incumbent upon the court to specify the sanctionable conduct in its order. *Id.* at 202. If a filing lacks a factual or legal basis, the court cannot impose CR 11 sanctions unless it also finds that the attorney who signed and filed the complaint failed to conduct a reasonable inquiry into the factual and legal basis of the claim. *Bryant*, 119 Wn.2d at 220.

An attorney's conduct is evaluated using an objective standard. *Id.* The reasonableness of the litigant's inquiry is evaluated based on what was reasonable to believe at the time the filing was submitted. *Id.* Furthermore, "[a] litigant appearing *pro se* is bound by the same rules of procedure and substantive law as his or her attorney would have been had the litigant chosen to be represented by counsel." *Patterson v. Superintendent of Pub. Instruction*, 76 Wn. App. 666, 671, 887 P.2d 411 (1994) (emphasis added). However, the trial court must consider a plaintiff's pro se

status when it determines whether the filing was reasonable. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

B. APPLICATION

*1. Timeliness*

Higgins argues that Weathers' motion for attorney fees was untimely under RCW 4.84.185. RCW 4.84.185 requires that a motion seeking an award for attorney fees incurred in responding to a frivolous action be filed no more than 30 days after the final order terminating the action. Here, Weathers filed his motion for attorney fees prior to the court's final order on Higgins' motions. Therefore, Weathers' motion was timely filed.

*2. Whether CR 11 Violations Occurred*

Here, the trial court did not make the required finding that Higgins failed to conduct a reasonable inquiry into the facts or law supporting his motion, either orally or in any of its orders, finding CR 11 violations. In fact, the orders do not even specify which provision of CR 11 Higgins violated, stating only "Plaintiff's motion before the court violates the above-referenced provisions." CP at 197. It is only in the trial court's order on Weathers' Motion to Restrict Future Litigation that the court clarifies "[n]one of [Higgins'] motions were supported by fact or law, and all motions were signed by the Plaintiff personally." CP at 189. There are no findings of fact regarding Higgins' prefiling inquiry in the record. Because there is no evidence or findings of fact to support the entry of CR 11 sanctions against Higgins, we hold that the trial court's orders granting CR 11 sanctions were an abuse of discretion. Accordingly, we reverse the order and remand to the trial court to address this issue. *See Biggs*, 124 Wn.2d at 202 (remanding to trial court to make explicit finding as to how pleadings violated CR 11).

## II. THE ATTORNEY FEE AWARD

The attorney fee award was the sanction the trial court imposed. Because it remains an issue in the case should the trial court find, on remand, that Higgins failed to conduct a reasonable inquiry into the law or facts supporting his motion and enter appropriate findings to that effect, we address Higgins' argument that the sanction imposed by the court was unreasonable in its amount. '''. Weathers responds that the $7,143 attorney fee award was within the trial court's discretion. We hold that the trial court abused its discretion in ordering Higgins to pay $7,143 in attorney fees because it was unreasonable to believe that the $7,143 attorney fee award was the minimum sanction necessary to achieve CR 11's deterrent purpose.

A. LEGAL PRINCIPLES

Once the trial court determines that a CR 11 violation has occurred, it "*may* impose . . . an appropriate sanction, which *may* include an order to pay [the opposing party's reasonable costs and attorney fees]." CR 11(a)(4) (emphasis added). While CR 11 expressly provides for an award of attorney fees, trial courts are not required to award attorney fees for every violation of the rule. Our supreme court has cautioned that "CR 11 is not meant to act as a fee shifting mechanism, but rather as a deterrent to frivolous pleadings." *Biggs*, 124 Wn.2d at 197. Where sanctions are appropriate, the court should impose the least severe sanction adequate to serve the purpose of deterring frivolous filings. *Bryant*, 119 Wn.2d at 225.

"CR 11 was modeled after the Federal Rule of Civil Procedure [(FRCP 11)]," and Washington courts often look to federal decisions interpreting FRCP 11 for guidance in interpreting our own rule. *Biggs*, 124 Wn.2d at 196. Neither CR 11 nor the federal rule enumerates the factors a court should consider in determining whether a sanction should be imposed and what

that sanction should be. However, the committee's notes to the federal rule clarifies that "whether the responsible person is trained in the law" and "what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case" are proper considerations. FED. R. CIV. P. 11 advisory committee notes to 1983 Amendment. The committee's note goes on to state "partial reimbursement of fees may constitute a sufficient deterrent with respect to violations by persons having modest financial resources." *Id.*

B. APPLICATION

We hold that the trial court abused its discretion when it ordered Higgins to pay Weathers' attorney fees under CR 11.

In *Biggs*, the Washington Supreme Court emphasized that CR 11 is not a fee shifting mechanism. 124 Wn.2d at 197. The purpose of CR 11 is to encourage careful prefiling investigation of facts and law and to deter frivolous filings. *Bryant*, 119 Wn.2d at 219. Here, the trial court prohibited Higgins from filing any additional motions except those necessary to prosecute his appeal. This restriction alone was likely sufficient to deter Higgins' from future frivolous filings. This is especially true where Higgins is indigent. If there was an independent basis on which the trial court could have awarded Weathers attorney fees, the trial court could have utilized that.

Furthermore, the trial court ruled on all five motions and Weathers' Motion to Restrict Future Litigation at the same time. Awarding the full amount of attorney fees incurred in responding to these motions is excessive and unduly cumulative. Higgins had not previously been sanctioned for his conduct, and Higgins could not adjust his conduct after the first sanction was imposed to avoid further sanctions because the court ruled on all of his motions at the same time.

Therefore, we hold that the trial court abused its discretion when it ordered Higgins to pay attorney fees in the amount of $7,134. On remand, if the trial court finds that a CR 11 violation occurred and that a sanction is warranted, it should impose the least restrictive sanction necessary to serve the deterrent purpose of CR 11.[4]

### III. HIGGINS' REMAINING ARGUMENTS

Higgins makes numerous additional arguments related to the trial court's verdict. Weathers argues that these issues are outside the scope of the instant appeal because the mandate issued in Higgins' first appeal bars review of the substantive issues in the first notice of appeal. We hold that issues that were necessarily encompassed in the mandate of the first appeal are beyond the scope of this appeal.

The Court of Appeals loses the power to change or modify its decision upon issuance of a mandate, except when the mandate has been recalled. RAP 12.7(a). The trial court issued its decision on March 2, 2023. Higgins filed his first notice of appeal with this court on July 3, 2023. In his first notice of appeal, Higgins asked this court to review the final judgment, specifically "lacking awards for [noneconomic] damages." CP at 394. This court notified Higgins that his notice of appeal was untimely and invited Higgins to file a motion to enlarge the time for appeal. Higgins took no action, so we dismissed the case. *See Id.* at 421. This court mandated Higgins' case to the superior court. Consequently, we hold that this court does not have the power to change or modify its decision regarding Higgins' appeal of the trial court's verdict.

---

[4] The concurrence asserts that we are "telegraphing" our desire for the trial court to impose sanctions against Higgins because we address the attorney fee award. But as explained above, the attorney fee award *is* the sanction. We have engaged in no such "telegraphing." We have merely addressed the assignments of error brought by the appellant.

ATTORNEY FEES ON APPEAL

Weathers asks us to award attorney fees and costs associated with this appeal under RAP 18.9(a) because he contends Higgins' appeal is frivolous. We deny Weathers' request for attorney fees because Higgins' appeal is not frivolous based on our reversal of the trial court's order on sanctions.

CONCLUSION

We hold that the trial court abused its discretion because it did not address whether Higgins failed to make a reasonable inquiry into the law or facts supporting his motion of make a finding addressing this question before imposing sanctions under CR 11, and in ordering Higgins to pay the $7,143 attorney fee award as a sanction. We reverse the trial court's order on CR 11 and remand this matter to the trial court. On remand, if the trial court finds that a CR 11 violation occurred, the court should impose the least restrictive sanction necessary to serve the deterrent purpose of CR 11.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

VELJACIC, J.

LEE, J. (concurring) — I concur with the majority, but I write separately as I disagree that we should address the merits of the attorney fees award imposed as CR 11 sanctions. Instead, I would hold that because we reverse the CR 11 sanctions order, we necessarily reverse the attorney fee award resulting from that order.

We reverse the CR 11 sanctions order because the trial court failed to make the requisite findings in its order to impose CR 11 sanctions. As stated in the majority opinion, "[b]ecause there is no evidence or findings of fact to support the entry of CR 11 sanctions against Higgins, we hold that the trial court's orders granting CR 11 sanctions were an abuse of discretion. . . . [W]e reverse the order and remand to the trial court to address this issue." Majority at 8. By addressing the merits of the attorney fee award that arose only because of the CR 11 order, the majority is "telegraphing" to and advising the trial court that CR 11 sanctions are proper and what those sanctions should be. That is improper.

Lee, J.