# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LAURIE KITSELMAN, a single woman, | No. 87913-8-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| DAWN DARINGTON; TAMMY K. BICKNELL (aka TAMMY K. RAMSEY); BRENDA F. RAMSEY, | |
| Respondents, | |
| ERIC G. CARLSON, | |
| Appellant. | |

FELDMAN, J. — For the second time, Laurie Kitselman and her attorney, Eric Carlson, appeal from the trial court's award of attorney fees and costs as sanctions under CR 11. In the prior appeal, we remanded the matter for entry of findings and conclusions to support the award. Kitselman and Carlson argue the trial court on remand (a) erred in awarding sanctions under CR 11 and (b) failed to conduct the required "lodestar hearing and analysis." We disagree and affirm.

I

In our prior opinion in this matter, we affirmed the trial court's summary judgment dismissal of Kitselman's claims against Dawn Darington, Tammy

Bicknell, and Brenda Ramsay (collectively "Defendants") for common law fraud, civil conspiracy, unconscionability of contract, unjust enrichment, conversion, and intentional infliction of emotional distress arising out of a property dispute. *See Kitselman v. Darington*, No. 86859-4-I, slip op. at 8-15 (Wash. Ct. App. Nov. 25, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/868594.pdf. That opinion recounts the underlying facts, which are known to the parties and need not be repeated in this unpublished opinion except as relevant to our analysis below.

In addition to affirming the trial court's summary judgment ruling, our prior opinion addressed the court's award of attorney fees and costs totaling $45,105[1] as sanctions under CR 11. *Id.* at 15-18. The trial court awarded those fees because it found the litigation frivolous and in violation of CR 11. *Id.* at 6. As discussed more fully in section II below, we affirmed the court's ruling awarding attorney fees as a sanction under CR 11, but we held that "[w]e cannot tell from the record whether the trial court took an active role in assessing the reasonableness of the fee award" and that the court "also appears to have failed to provide a written basis for the amount." *Id.* at 18. We therefore remanded the matter for entry of findings and conclusions to support the award. *Id.*

In accordance with our mandate, the trial court on remand entered additional findings and conclusions to support its award of fees. Kitselman and Carlson again appeal.

---

[1] As set forth in our prior opinion, this total is comprised of $30,210 for attorney fees incurred by Bicknell and Ramsey and $14,895 for attorney fees incurred by Darrington. *Id.* at 7. Because Kitselman and Carlson do not distinguish between these two awards, we treat them as a single award (totaling $45,105) for purposes of this appeal.

II

A.     CR 11 Sanctions

Kitselman and Carlson argue the trial court erred in awarding sanctions under CR 11.  This argument fails because our prior opinion rejected Kitselman and Carlson's arguments and affirmed the trial court's decision on this point, and that holding is now law of the case.

The law of the case doctrine "refers to 'the binding effect of determinations made by the appellate court on further proceedings in the trial court on remand.'" *Lutheran Day Care v. Snohomish County*, 119 Wn.2d 91, 113, 829 P.2d 746 (1992) (quoting 15 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: JUDGMENTS § 380, at 55-56 (4th ed. 1986)).  "This court generally applies the law of the case doctrine to preclude successive reviews of issues that a party raised, or could have raised, in an earlier appeal in the same case."  *In re Estate of Langeland v. Drown*, 195 Wn. App. 74, 82, 380 P.3d 573 (2016).  "The doctrine serves to 'promote[ ] the finality and efficiency of the judicial process by protecting against the agitation of settled issues.'"  *State v. Harrison*, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)).

In the prior appeal in this matter, Kitselman and Carlson argued, just as they do in this appeal, that "the trial court abused its discretion by awarding attorney fees as a sanction under CR 11."  *Kitselman*, slip op. at 15.  In response to that argument, we first set forth the trial court's findings supporting its award:

8. Plaintiff's claims are without a basis in law or fact and are frivolous and advanced without reasonable cause and so attorney fees and costs are awarded to the Defendants pursuant to RCW 4.84.185.

9. Plaintiff's Complaint was not well grounded in fact, was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law.

10. Much of Plaintiff's discovery issues raised in its motion to compel were interposed for an improper purpose, including the harassment of Plaintiffs, causing unnecessary delay and needless increase in the cost of litigation.

11. Plaintiff's counsel has violated Civil Rule 11.

*Id.* at 16. We then held as follows:

While these findings are minimal, Kitselman and Carlson fail to provide reasoned argument or authority to establish that the trial court abused its discretion when it determined the filing of the complaint and motion to compel warranted sanctions. And this court "will not consider an inadequately briefed argument." *Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); *see also Palmer v. Jensen*, 81 Wn. App. 148, 153, 913 P.2d 413 (1996) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

*Kitselman*, slip op. at 17. On this basis, we rejected Kitselman and Carlson's argument that the trial court erred in awarding sanctions under CR 11. Accordingly, we affirmed the trial court's ruling and *did not* remand this issue for further proceedings. That prior holding is now law of the case.

While there are recognized exceptions to the law of the case doctrine, Kitselman and Carlson fail to establish that an exception applies. RAP 2.5(c)(2) states that "[t]he appellate court may . . . review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time

of the later review." This rule codifies "two historically recognized exceptions to the law of the case doctrine." *Roberson v. Perez*, 156 Wn.2d 33, 42, 123 P.3d 844 (2005). The first applies "where the prior decision is clearly erroneous, and the erroneous decision would work a manifest injustice to one party," and the second applies "where there has been an intervening change in controlling precedent between trial and appeal." *Id*. Because Kitselman and Carlson do not argue that either exception applies, nor do we so find, we decline to review the propriety of our prior holding affirming the trial court's decision awarding attorney fees as sanctions under CR 11.

Rather than seeking relief from our prior opinion, Kitselman and Carlson argue that further findings and conclusions were *required* by the opinion. That argument is based on the following sentence in our prior opinion: "We remand for further proceedings where the record is not adequate to review a fee award under CR 11." *Kitselman*, slip op. at 16. This argument requires us to construe our prior opinion. "[W]hen construing an opinion for purposes of determining the scope of remand, it must be read in its entirety without any particular emphasis. This requirement ensures that the opinion is taken as a whole rather than selectively interpreted." *Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 170 Wn. App. 1, 9, 282 P.3d 146 (2012).

Contrary to the foregoing legal principles, Kitselman and Carlson quote a single sentence of our prior opinion without the requisite context. The quoted sentence appears in the following paragraph:

> A trial court imposing CR 11 sanctions must specify the sanctionable conduct in its order. [*Biggs v. Vail*, 124 Wn.2d 193,

- 5 -

201, 876 P.2d 448 (1994)]. "The court must make a finding that either the claim is not grounded in fact or law and the attorney or party failed to make a reasonable inquiry into the law or facts, or the paper was filed for an improper purpose." *Biggs*, 124 Wn.2d at 201. The court must evaluate an attorney's conduct under an objective reasonableness standard by asking whether a reasonable attorney in similar circumstances would believe that the attorney's actions were factually and legally justified. [*Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 220-21, 829 P.2d 1099 (1992)]. *We remand for further proceedings where the record is not adequate to review a fee award under CR 11.* *Biggs*, 124 Wn.2d at 202; *Just Dirt, Inc. v. Knight Excavating*, Inc., 138 Wn. App. 409, 416, 157 P.3d 431 (2007).

*Kitselman*, slip op. at 16 (emphasis added). Particularly when read in context, the sentence relied on by Kitselman and Carlson is a statement of applicable law— that this court remands "where the record is not adequate to review a fee award"— and *not* a directive to the trial court as Kitselman and Carlson wrongly argue. Their reliance on that sentence as a basis to challenge the adequacy of the trial court's decision on this issue therefore fails.[2]

B.      Lodestar analysis

The trial court determined the amount of its award of attorney fees as sanctions under CR 11 based on the lodestar method. Kitselman and Carlson do not challenge the trial court's decision to utilize that methodology. Instead, they argue the court failed to conduct the required "lodestar hearing and analysis." We disagree.

---

[2] We recognize that the trial court on remand entered additional findings and conclusions regarding this issue. The court did so at the parties' urging even though, as discussed in the text above, this court's prior opinion did not direct it to do so. Moreover, even if we were to ignore our prior opinion and examine the adequacy of the trial court's findings and conclusions, Kitselman and Carlson's arguments lack merit. Carlson asserts he conducted a reasonable inquiry into the facts of the case and has submitted a 51-page appendix describing the investigation he purportedly conducted. Contrary to Carlson's attempt to litigate this issue on appeal, we review CR 11 sanctions for an abuse of discretion, meaning the ruling was manifestly unreasonable or based on untenable grounds or reasons. *Watness v. City of Seattle*, 11 Wn. App. 2d 722, 735-36, 457 P.3d 1177 (2019). Carlson fails to make the required showing.

The lodestar method multiplies the hours reasonably expended in litigation by the reasonable hourly rate of compensation. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983). "Whether or not a fee is reasonable is an independent determination to be made by the awarding court" and "depends on the circumstances of each individual case." *Absher Constr. Co. v. Kent Sch. Dist. No. 415*, 79 Wn. App. 841, 847, 917 P.2d 1086 (1995). Appellate courts must be "mindful that it is the trial judge who watches a case unfold and who is in the best position to determine the proper lodestar amount." *Morgan v. Kingen*, 141 Wn. App. 143, 163, 169 P.3d 487 (2007). Accordingly, attorney fee awards are reviewed for an abuse of discretion. *Workman v. Klinkenberg*, 6 Wn. App. 2d 291, 305, 430 P.3d 716 (2018). But while a trial court's determination of the amount of a fee award is discretionary, there must be "an adequate record . . . to support the reasonableness of the award" and the court "must enter findings of fact and conclusions of law" regarding its lodestar analysis. *Dalsing v. Pierce County*, 190 Wn. App. 251, 270-71, 357 P.3d 80 (2015).

The trial court's analysis is in accord with these requirements. Following supplemental briefing regarding the scope of remand, the trial court conducted a hearing to address the issue. Following oral argument, the court ruled:

> I find that the hours expended were reasonable, that the hourly rate he applied to the hours he performed was in accordance with attorney fees charged for - for like work. So the - the request for attorney fees is supported under a lodestar analysis and I - I am - I am going to enter findings to that effect.[3]

---

[3] If a trial court's written findings are not sufficient, as Kitselman and Carlson assert here, "they 'may be supplemented by the trial court's oral decision or statements in the record.'" *In re Guardianship of L.C.*, 28 Wn. App. 2d 766, 773, 538 P.3d 309 (2023) (quoting *In re Det. of LaBelle*, 107 Wn.2d 196, 219, 728 P.2d 138 (1986)).

The trial court then entered detailed written findings of fact and conclusions of law specifically addressing the reasonableness of the hours requested, the reasonableness of the requested hourly rates, and the reasonableness of the total fee award based on the specific circumstances of the case. Those circumstances, as explained by the trial court, include the following:

a. The voluminous court filings by Plaintiff;

b. Extensive discovery conducted by Plaintiff including depositions and pretrial motions/hearings regarding the scope of discovery;

c. The need for a protective order court filings and hearing regarding Plaintiff's abuse of discovery, which sought undiscoverable information and private healthcare records of the defendants, which were not subject to discovery and immaterial to the issues of the litigation . . . .

Thus, consistent with our prior opinion, *Kitselman*, slip op. at 18, the trial court took an active role in assessing the reasonableness of the fee award and entered findings and conclusions to support the amount of the award.

Additionally, the court also indicated that it had reviewed the materials submitted by both parties. Those documents include billing records of Defendants' attorneys detailing the number of hours expended on tasks related to this case and declarations of these lawyers regarding their hourly rates as well as declarations of other local practitioners regarding the reasonableness of those rates in the market for this type of case. As required by controlling precedent, there is an adequate record for review of the trial court's fee award, including detailed findings of fact and conclusions of law regarding the lodestar considerations. The trial court did not abuse its discretion in so ruling.

Despite this, Kitselman and Carlson argue the trial court failed to conduct a lodestar hearing, did not consider their submissions in opposition to the fee award, and "did not consider one single part of the lodestar analysis." (Emphasis omitted.) These arguments are without merit. The trial court held a hearing on remand to address the required analysis and entered findings of fact and conclusions of law in support of its fee award consistent with our mandate. Carlson (Kitselman's attorney) attended and participated in this hearing. And contrary to Kitselman and Carlson's argument that the trial court did not consider their written submissions, the trial court judge specifically stated "I have reviewed what was submitted. Mr. Carlson submitted voluminous filings, and I reviewed it and found most of it to be frivolous. But, nonetheless, I reviewed it." The court then addressed the various components of the controlling lodestar analysis. Kitselman and Carlon's contrary arguments fail.[4]

III

Both parties request fees on appeal. Kitselman and Carlson request fees under RAP 18.1, which allows the court to award reasonable attorney fees on appeal if applicable law grants the party a right to recover their fees. The party must cite specific authority in support of their request. *Carter v. C&K Contracting*

---

[4] For the first time on reply, Kitselman and Carlson also argue "[t]he trial court erred by granting Defendants' Motion for Summary Judgment as a matter of law." This issue is not properly before us for the same reason (law of the case) addressed in section II.A above. Nor do we generally consider an argument made for the first time on reply. *See Bergerson v. Zurbano*, 6 Wn. App. 2d 912, 927, 432 P.3d 850 (2018) (declining to address issues raised for the first time in a reply brief "because the [respondent] would be prejudiced"). Lastly, Kitselman and Carlson also assert that the trial court denied their "due process rights," but his opening brief provides no supporting argument. Because "naked castings into the constitutional seas are not sufficient to command judicial consideration and discussion," *O.M.A. Constr., Inc., v. Dep't of Lab. & Indus.*, 30 Wn. App. 2d 893, 914, 550 P.3d 509 (2024), we do not address this assertion.

*Inc.,* 35 Wn. App. 2d 41, 54, 573 P.3d 914 (2025). Kitselman and Carlson have failed to provide this court with any applicable law that would allow them to recover fees, nor have they prevailed on appeal. We deny Kitselman and Carlson's request for fees under RAP 18.1.

Darington, in turn, requests fees on appeal under RAP 18.9, which permits an award of fees as a sanction for filing a frivolous appeal. "'An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and is so totally devoid of merit that there is no reasonable possibility of reversal.'" *In re Custody of A.T.,* 11 Wn. App. 2d 156, 171, 451 P.3d 1132 (2019) (quoting *In re Marriage of Schnurman*, 178 Wn. App. 634, 644, 316 P.3d 514 (2013)). Darington has not demonstrated that the appeal had no debatable issues on which reasonable minds might differ and is so totally devoid of merit that there is no reasonable possibility of reversal. Because we resolve all doubts as to whether the appeal is frivolous in favor of Kitselman and Carlson, we decline to award Darington fees under RAP 18.9.

Affirmed.

Feldman, J.

WE CONCUR:

_____, ACJ

Mann, J.